# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-183V
UNPUBLISHED

| | |
|---|---|
| DULCE CONCEPCION MULLER-CARILLO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2020<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Causation-In-Fact; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

　　On January 31, 2019, Dulce Concepcion Muller-Carillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a SIRVA as a result of her August 2, 2017 tetanus diphtheria acellular pertussis (Tdap) Vaccine . Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 31, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> he has concluded that petitioner's alleged injury is consistent with SIRVA and was caused-in-fact by the administration of a Tdap vaccine on August 2, 2017. There were no other causes identified for petitioner's SIRVA. Records indicate that petitioner has suffered the sequela of her injury for more than six months. Based on the medical records outlined above, petitioner has met the statutory requirements for entitlement to compensation. *See* 42 U.S.C. § 300aa 13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D). Therefore, based upon the record as it currently stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master